UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:18-CV-11780

JAMES DELTUFO
    PLAINTIFF

V.

DONALD M. DELANEY AND
WILLIAM R. CUSHING JR.
    DEFENDANTS

## JOINT PRETRIAL MEMORANDUM

1. **Concise Summary of the Evidence**

    **The Plaintiff**

    The plaintiff expects the evidence will show that on February 14, 2016 during a course of his arrest, the defendants Donald M. Delaney and William R. Cushing, Jr. violated his civil rights and conspired to violate his civil rights by using excessive force including causing him to be attacked by a police dog which the defendants did not call off despite the ability to do so when the plaintiff repeatedly asked them to call of the dog; by applying excessive force during the application of handcuffs and by leaving he plaintiff lying in the snow while waiting for an ambulance. As a result, the plaintiff suffered severe injuries to his leg with permanent loss of function and disfigurement, frostbite and injuries to his spine.

    **The Defendants**

    The Defendants will establish at trial that the incident date occurred on February 14, 2016 in the evening when Braintree police were advised by dispatch that the

neighboring Town of Holbrook police were pursuing a motor vehicle into the Town of Braintree.  Police were advised that the suspect vehicle attempted to run one of the marked police cruisers off the road.  Braintree was further advised that a lone male suspect was operating the vehicle traveling into Braintree.

As the vehicle entered Braintree, Holbrook police advised that its estimated speed was in excess of 100 mph.  A Braintree officer observed the vehicle, now in Braintree, attempt to take a turn and accelerated in an attempt to evade the Braintree police cruiser.  Moments later a call was received by Braintree police dispatch that a motor vehicle had crashed near that location.  Upon arrival, Braintree police were informed that the operator of the vehicle had fled the motor vehicle and ran.

As a result, the defendant Cushing, a K-9 officer was deployed with his K-9 partner "Kitt" and began tracking for the suspect.  Shortly thereafter, the K-9 pulled towards a location and thereafter began signaling the presence of a person.  Officer Cushing began issuing verbal commands announcing his presence and the intention to utilize a K-9 that was trained to bite.  During those orders it was clear that the suspect did not intend to surrender or comply.  As a result, Cushing informed Officer Delaney to stay at that initial location so that Cushing could bring Kitt around closer to the suspect's likely location.  When Kitt had been brought closer, he then began to track again on a particular section of a backyard that was covered by bushes.  The dog then dove under one of the bushes at which point he made contact with the suspect.

The suspect attempted to fight the K-9 by placing both hands around the dog's snout as if attempting to suffocate him. Cushing gave multiple verbal commands to stop fighting the dog. The suspect wrestled with the dog and rolled him over. However, the dog remained in contact during the entire episode. Eventually the suspect became compliant and told the officer that "it's over". Cushing then mechanically removed Kitt from the suspect as Officer Delaney and others arrived to take the suspect, the plaintiff James Deltufo, into custody. At that time, Deltufo apologized for his actions and they stood by waiting for the arrival of Brewster EMS. Deltufo was transported directly to the South Shore Hospital by Brewster EMS. The plaintiff left the hospital against medical advice .

The suspect Deltufo was charged with a number of criminal violations including motor vehicle charges as well as malicious destruction of property, resisting arrest and mistreatment or interference with a police dog. The Plaintiff was found guilty on all counts.

2. **Facts Established by Pleadings of Stipulations or Admissions of Counsel**

The defendants Donald M. Delaney and William R. Cushing, Jr. had the right to arrest the plaintiff on February 14, 2016.

The defendants Donald M. Delaney and William R. Cushing, Jr. did in fact arrest the plaintiff on February 14, 2016.

The actions of Donald M. Delaney and William R. Cushing, Jr. concerning the arrest of the plaintiff on February 14, 2016 were carried out while in uniform and

on duty as police officers for the Town of Braintree and therefore carried out under color of law.

3. **Contested Issues of Fact**

Whether the defendants Donald M. Delaney and William R. Cushing, Jr. violated the civil rights of the plaintiff during the course of his arrest on February 14, 2016.

Whether the defendants Donald M. Delaney and William R. Cushing, Jr. conspired to violate the civil rights of the plaintiff during the course of his arrest on February 14, 2016.

Whether the Plaintiff fought with the K9 and refused the commands of the officers to stop fighting the dog;

Whether the Plaintiff refused the officers' commands to appear from his hiding place when located hiding under a bush;

Whether the Plaintiff's condition and any injury to his leg was exacerbated by his absenting himself from the hospital upon admission

Whether the Defendants' use of force was reasonable under the circumstances

4. **Any Jurisdictional Questions**

There are not any jurisdictional questions.

5.  **Questions Raised by Pending Motions**

    There are no pending motions.

6.  **Issues of Law, Including Evidentiary Questions, Together with Supporting Authority**

    The Defendants will raise the defense of Qualified Immunity at time of trial.

    The plaintiff will likely object to the introduction of hearsay documents identified in Section 11B below.

7.  **Any Requested Amendment of Pleadings**

    The parties have not requested any amendment of pleadings and do not anticipate doing so.

8.  **Any Additional Matters to Aid the Disposition of the Action**

    There are no additional matters that will aid the disposition of this action.

9.  **Probable Length of Trial**

    Four days.

10. **Names, Addresses and Telephone Numbers of Witnesses to be Called (Expert and Others) and Whether the Testimony of Any Such Witnesses is Intended to be Presented by Deposition**

    A.  **Plaintiff's Witnesses**

    (1).   James Deltufo, 38 Winter Street, Braintree, Massachusetts

    (2).   Donald M. Delaney, Braintree Police Department, Braintree, Massachusetts.

    (3).   William R. Cushing, Jr., Braintree Police Department, Braintree, Massachusetts.

B. **Defendants Witnesses**

(1).   Donald M. Delaney, Braintree Police Department;

(2).   William R. Cushing, Jr. Braintree Police Department;

(3).   Karen MacAleese, Braintree Police Department;

(4).   William D. Marble, Jr., Sgt., Holbrook Police Department

(5).   Mark Correia, Capt Expert witness

**11.   The Proposed Exhibits**

A.   **Plaintiff's Proposed Exhibits**

(1)   Photographs of Plaintiff's Injuries

(2)   Records and bills of Brewster Ambulance

(3)   Records and bills of South Shore Hospital

(4)   Records and bills of South Shore VNA

(5)   Records and bills of South Shore Radiology

(6)   Records and bills of physicians at South Shore Hospital

(7)   Records and bills of Marlborough Hills Rehabilitation & Health Care Center

(8)   Records and bills of physicians at Marlborough Hills Rehabilitation & Health Care Center

B.   **Defendants' Proposed Exhibits**

(1).   BPD Custody Report (2 pages);

(2)   Booking Arrestee Question;

(3)   BPD Incident Report (6 pages);

(4)   BPD K-9 Evidence Photo Archive;

(5).   BPD Non-Lethal Force Report;

(6).   BPD Dispatch Incident Detail;

(7). Commonwealth of Massachusetts Motor Vehicle Crash Police Report (2 pages);

(8). Norfolk County Control Dispatch Log;

(9). Holbrook Police Department Incident Report (3 pages);

(10). Holbrook Police Department, Sergeant William Marble, Jr. Narrative (2 pages).

(11). Mark Correia Report


**12.     The Parties Respective Positions on Any Remaining Objections to the Evidence Identified in the Pretrial Disclosure Required by Fed. R. Civ. P. 26(a)(3).**

There have been no Pretrial Disclosures Required by Fed. R. Civ. P. 26(a)(3).

| The Plaintiff, | The Defendants |
| --- | --- |
| By his attorney, | By their attorney, |
| /s/Chester L. Tennyson, Jr. | /s/ Douglas I. Louison |
| Chester L. Tennyson, Jr. | Douglas I. Louison |
| BBO No. 494620 | BBO No. |
| clt@tennysonlaw.com | dlouison@lccplaw.com |
| Tennyson Law Firm | Louison, Costello, Condon & Pfaff, LLP |
| 350 Lincoln Street | 101 Summer Street, 4th Floor |
| Hingham, MA 02043 | Boston, MA 02110 |
| (781) 740-7800 | (617) 439-0305 |

Dated: July 30, 2020


CERTIFICATE OF SERVICE

I hereby certify that this document filed with the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on the date indicated below.

/s/Chester L. Tennyson, Jr

Dated: July 30, 2020