UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES DELTUFO,<br>    Plaintiff<br><br>v.<br><br>TOWN OF BRAINTREE,<br>DONALD M. DELANEY,<br>AND WILLIAM R. CUSHING JR.<br>    Defendants | **CIVIL ACTION NO.: 1:18-CV-11780** |

# MOTION IN LIMINE
# TO PRECLUDE REFERENCE TO PRIOR INCIDENCES OF
# ALLEGED POLICE MISCONDUCT

NOW COME the Defendants, Town of Braintree, Donald M. Delaney and William R. Cushing, Jr., and hereby request that this Court issue an Order precluding any reference by the Plaintiff, James Deltufo ("Plaintiff"), of any incidences of prior alleged police misconduct.

Plaintiff's claims relate to the conduct of the Town of Braintree and the two individual police officer defendants, Delaney and Cushing, during the pursuit and subsequent arrest of Plaintiff on February 14, 2016. During his deposition on April 29, 2019, Plaintiff testified that he has had multiple, violent, unrelated police encounters in the past. In particular, he testified as follows:

> Answer: Where I came from, the area it was, you don't get arrested. You get beat up. I've taken more beatings from police officers my whole life. Basically it's what brought me to – every time I see or hear a siren, I get paranoid. I really do because I can't – I'm

>>too old to take a beating now.  This is what happens; so I guess
>>it's – I've been to therapy and everything else for this, you know.

*Excerpts from Deposition Transcript of James Deltufo, Exhibit A,* 20:16-24.

>>Question:   Why didn't you not (sic) stop?
>>Answer:     Because this ending is why I didn't stop.  This is what happens
>>every time I do.  So I –

*Excerpts, Exhibit A,* 41:16-18.

Plaintiff explained that the phrase "this ending" was in reference to "the damage that was done at the end of [his] arrest," *Id.*, 41:23-24, alluding to the excessive force alleged to have been used by the individual defendants, Cushing and Delaney.  Plaintiff further testified that police brutality "[i]s what happens quite frequently." *Id.*, 42:2.

Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.  Plaintiff's testimony regarding prior incidences of alleged police misconduct is irrelevant.  Here, that Plaintiff fled and attempted to evade arrest is not in dispute, and is therefore irrelevant.  The motivation for Plaintiff's decision to evade arrest is similarly irrelevant, as it has no bearing on any element of Plaintiff's claims against the Defendants.

Even if testimony of this nature did have some negligible relevance, it should still be excluded because its probative value is heavily outweighed by the "danger of . . . unfair prejudice." Fed. R. Evid. 403.  The topic of police misconduct has long been a lightning rod and

the potential prejudicial effect of any reference by Plaintiff to prior incidences of alleged police brutality is further amplified by the Black Lives Matter movement and today's current political climate.

Therefore, given the irrelevant and highly prejudicial nature of Plaintiff's testimony regarding prior incidences of alleged police misconduct, Defendants, Town of Braintree, Donald M. Delaney and William R. Cushing, Jr., respectfully request that this Court GRANT this motion and exclude any such testimony from evidence at trial.

>Defendants,
>TOWN OF BRAINTREE, DONALD M. DELANEY and WILLIAM R. CUSHING,
>By their Attorneys,
>
>  */s/ Douglas I. Louison*
>Douglas I. Louison (BBO# 545191)
>Alexandra M. Gill (BBO# 663040)
>Louison, Costello, Condon & Pfaff, LLP
>101 Summer Street
>Boston, MA  02110
>617-439-0305
>FAX: 617-439-0325
>dlouison@lccplaw.com
>sgill@lccplaw.com

**CERTIFICATE OF SERVICE**

    I, Douglas I. Louison, hereby certify that on December 29, 2020, a true copy of the above document was served upon: Chester L. Tennyson, Jr., Esq., Tennyson Law Firm, 3 Seaview Avenue, Hull, MA 02045, clt@tennysonlaw.com.

                                  */s/ Douglas I. Louison*
                                  Douglas I. Louison