UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

JAMES DELTUFO,
    Plaintiff

v.

DONALD M. DELANEY,
  AND WILLIAM R. CUSHING JR.
    Defendants

**CIVIL ACTION NO.: 1:18-CV-11780-DJC**

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE AS TO DEFENSE EXPERT MARK CORREIA

NOW COME the Defendants, Donald M. Delaney and William R. Cushing, Jr. ("Defendants"), and hereby oppose Plaintiff James Deltufo's ("Plaintiff") motion in limine to preclude defense expert Capt. Mark Correia from testifying at trial.  As grounds therefor, Defendants state the following:

Plaintiff first argues that Defendants failed to properly disclose Capt. Correia as their intended expert until January 6, 2021.  Defendants disagree and state that their expert was timely disclosed.  A cover letter enclosing this report to Attorney Tennyson "VIA Email and First Class Mail" is dated December 30, 2019.  *Exhibit 1, Correspondence to Atty. Tennyson, 12/30/19*, p.1. The document properties for this correspondence indicate that its content was created by Matthew Goepfrich (an attorney who previously appeared in this case and who has since moved out of state) on December 30, 2019 at 3:48 P.M., and that it was last printed and saved at 3:52 P.M. and 3:53 P.M., respectively.  *Id.*, pp.2-3.  This activity is consistent with drafting the correspondence, printing the correspondence for mailing, and saving the document prior to closing it—notably, on the same date on which the expert signed the disclosure, a fact which weighs heavily in favor of the document, with its stated "Enclosures," having been sent out.

Plaintiff's Exhibit 1—recent email correspondence from counsel for Defendants—serves his point poorly. The question, "Is there an expert disclosure?" on January 6, 2021, merely indicates uncertainty as to whether one was ever made. *See Exhibit 1 to Plaintiff's Motion in Limine as to Defense Expert Mark Correia.* Furthermore, both parties collaborated on the Pretrial Memorandum, and Plaintiff acknowledges Defendants' listing of Capt. Correia as an expert in it. *See Pretrial Memorandum,* Dkt. #48, filed 7/30/20.

Plaintiff next argues that Defendants' expert disclosure is technically deficient in certain areas, specifically those laid out in Fed. R. Civ. P. 26(b)(2)(B)(iv), (v) and (vi). "Where . . . the sanction for a Rule 26 violation is the exclusion of a proffered expert witness, [the appellate court chose to] "consider a multiplicity of pertinent factors, including the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure, and the opponent's ability to overcome its adverse effects." *Gonzales-Rivera v. Centro Medico Del Turabo*, *Inc.*, 931 F.3d 23, 27 (1st Cir. 2019)(quoting *Macaulay v. Anas*, 321 F.3d 45, 51 (1st Cir. 2003)). "Surprise and prejudice are important integers in this calculus," as is "what the late disclosure portends for the court's docket." *Id*. Nonetheless, preclusion of expert testimony is a grave step, not to be undertaken lightly, *Jackson v. Harvard Univ.*, 900 F.2d 464, 469 (1st Cir.), *cert. denied,* 112 L.Ed.2d 104, 111 S. Ct. 137 (1990), and in the circumstances at bar do not rise to the level for which preclusion of Capt. Correia from testifying would be warranted. "[W]here misconduct is not willful or intentional, "there seems less reason for an adverse presumption." *Anderson v. Cryovac Inc.*, 862 F.2d at 926. Preclusion and negative inference are grave steps, "by no means an automatic response to a delayed disclosure…[or] where failure to make discovery [is] not willful." *Freeman v. Package Machinery Co.*, 865 F.2d 1331, 1341 (1st Cir. 1988) (holding that without a showing of bad faith, willfulness or harm resulting from the

delay, the district court's refusal to preclude expert testimony was well within its authority). Here, preclusion of Capt. Correia's testimony would hobble the Defendants' case and deny the jury the opportunity to hear from an expert in K-9 training regarding the technical maneuvers and training tactics associated with K-9 use. Moreover, any adverse effects of failing to disclose Capt. Correia's prior testimony can easily be overcome in the interim, given that the trial date has been cancelled and no new date has been set.

Fed. R. Civ. P. 26(b)(2)(B)(iv) provides that the expert report must contain "the witness's qualifications, including a list of all publications authored in the previous 10 years." Fed. R. Civ. P. 26. Capt. Correia's report satisfies this provision at the outset, in the first paragraph of his report, captioned "Qualifications." *See Exhibit 2 to Plaintiff's Motion in Limine as to Defense Expert Mark Correia,* p.1, ¶1. In it, Capt. Correia describes his current role as the Captain in charge of all K-9 operations, his prior experience as the K-9 trainer at the Plymouth County Sheriff's Department ("PCSD") beginning in 2000, and states that he has worked in the K-9 Unit at PCSD for 26 years. *Id.* He then states that, "Attached to this report is my resume detailing my level of experience and further qualifications." *Id.* That the version of the report sent by Defendants to Plaintiff's counsel last week does not include the referenced resume should not render it technically insufficient. The qualifications listed within this report satisfy the provisions of Fed. R. Civ. P. 26, and Defendants have provided the previously-attached resume to Plaintiff's counsel. *Exhibit 2, Expert CV of Capt. Mark Correia.*

Fed. R. Civ. P. 26(b)(2)(B)(v) requires that expert reports contain "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Fed. R. Civ. P. 26. Defendants are awaiting an updated list of all testimony in the relevant timeframe from Capt. Correia, and will provide it to Plaintiff's counsel immediately upon their

receipt of it.  This minor technical deficiency could easily be cured by with a brief supplement, and Plaintiff has made no showing of willfulness or bad faith, or that the delay in receiving this information has resulted in the game of blindman's buff that the rules of discovery seek to avoid. *See United States v. Procter & Gamble,* 366 U.S. 677, 682, 2 L. Ed. 2d 1077, 78 S. Ct. 983 (1958).

Finally, Plaintiff argues that Capt. Correia's report is deficient pursuant to Fed. R. Civ. P. 26(b)(2)(B)(vi), which requires the inclusion of "a statement of the compensation to be paid for the study and testimony in the case."  Fed. R. Civ. P. 26.  Defendants disagree and again refer the Court to the first paragraph of Capt. Correia's report, the last line of which states, "I am not charging any fee for professional services for my expert opinion in this case."  *See Exhibit 2 to Plaintiff's Motion in Limine as to Defense Expert Mark Correia,* p.1, ¶1.

Defendants' disclosure was timely made and technically sufficient but for instances of prior testimony by Capt. Correia, a deficiency that can quickly be cured.  Capt. Correia's qualifications and experience were adequately stated in his report, and Defendants have provided counsel for Plaintiff with Capt. Correia's resume that was clearly a part of his original report.  Finally, Defendants have demonstrated that the issue of compensation was sufficiently addressed by Capt. Correia at the outset.

WHEREFORE, Defendants respectfully request that the Court DENY Plaintiff's motion to preclude Capt. Correia from testifying as an expert witness at trial.

Defendants,
DONALD M. DELANEY and
WILLIAM R. CUSHING, JR.
By their Attorneys,


_/s/ Alexandra Gill_
Douglas I. Louison (BBO# 545191)
Alexandra "Sasha" M. Gill (BBO# 663040)
Louison, Costello, Condon & Pfaff, LLP
101 Summer Street
Boston, MA  02110
617-439-0305
FAX: 617-439-0325
dlouison@lccplaw.com
sgill@lccplaw.com

Dated: January 11, 2021

### CERTIFICATE OF SERVICE

I, Alexandra M. Gill, hereby certify that on January 11, 2021, a true copy of the above document was served upon: Chester L. Tennyson, Jr., Esq., Tennyson Law Firm, 3 Seaview Avenue, Hull, MA 02045, clt@tennysonlaw.com.


_/s/ Alexandra M. Gill_
Alexandra "Sasha" M. Gill